Case 4:24-cv-04122   Document 6   Filed on 11/26/24 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
November 26, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AGUSTIN CALDERON, § <br> TDCJ # 02200225, § <br> § <br> Plaintiff, § <br> § <br> VS. § <br> § <br> HON. JEFFREY VINCENT BROWN, *et al.*, § <br> § <br> Defendants. § | CIVIL ACTION NO. 4:24-4122 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Agustin Calderon, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), claims in this civil-rights suit that the Hon. Jeffrey Vincent Brown and Bobby Lumpkin, director of TDCJ, are violating his rights in an ongoing habeas corpus action. This case is governed by the Prisoner Litigation Reform Act (PLRA), which requires prisoners who proceed *in forma pauperis* to pay an initial partial filing fee and then to pay by installment the full balance of the $350 filing fee for indigent litigants. 28 U.S.C. § 1915(b). Based on the certified inmate trust account statement (Dkt. 3) provided by the plaintiff, the application for leave to proceed *in forma pauperis* (Dkt. 2) is **GRANTED**. The plaintiff is not assessed an initial partial filing fee because his application shows he lacks the requisite funds. However, the plaintiff will be required to pay the full $350 filing fee in periodic installments as required by 28 U.S.C. § 1915(b).

The PLRA additionally requires the Court to scrutinize the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). After reviewing all of the pleadings as required, the Court concludes that this case must be **DISMISSED** for the reasons explained below.

I.   BACKGROUND

Calderon brings his civil-rights claims against Hon. Jeffrey Vincent Brown, a district judge for the Southern District of Texas, and Bobby Lumpkin, director of TDCJ. In June 2023, Calderon filed a petition for habeas corpus in the Southern District of Texas, which currently is pending before Judge Brown in the Galveston Division. *See Calderon v. Lumpkin*, Civil Action No. 3:23-0324 (S.D. Tex.). The petition challenges Calderon's conviction in Galveston County in 2018.[1] Lumpkin, as respondent, filed an answer on December 21, 2023. Calderon has not filed a timely response.

In this suit, Calderon complains that Judge Brown is not considering his habeas petition or his circumstances, which include poverty and a low level of education, and is permitting Lumpkin to disobey court orders. He also states that Judge Brown has denied

---

[1]   According to TDCJ's public website, Calderon was sentenced to life in prison in 2018 in Galveston County based on a conviction for capital murder. *See* Inmate Information Search, available at https://inmate.tdcj.texas.gov/InmateSearch (last visited Nov. 15, 2024). His conviction was affirmed on appeal, the Court of Criminal Appeals denied his petition for discretionary review, and the United States Supreme Court denied his petition for a writ of *certiorari*. *Calderon v. State*, No. 01-18-00422-CR, 2019 WL 6904297 (Tex. App.–Hou. [1st Dist.] Dec. 19, 2019, pet. ref'd), *cert. denied*, 141 S. Ct. 1420 (2021).

his motions for discovery and appointed counsel. He complains that Lumpkin has failed to consider his petition and circumstances and, additionally, has improperly argued that Calderon's actual-innocence claim is not cognizable on federal habeas review.

As relief for his claims, Calderon seeks discovery; a declaration that Judge Brown and Lumpkin have violated his federal rights; an injunction ordering Judge Brown and Lumpkin to settle the dispute; and a "gateway" for his seven habeas claims in Civil Action No. 3:23-0324; among other relief (Dkt. 1, at 8-9, 14).

## II.   THE PLRA AND PRO SE PLEADINGS

Because the plaintiff is a prisoner proceeding *in forma pauperis*, the Court is required by the PLRA to screen the case and dismiss the complaint at any time if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). A district court may dismiss a claim as frivolous if it lacks any arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). A claim lacks an arguable basis in law "if it is based on an indisputably meritless legal theory." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). It lacks an arguable basis in fact "if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.* (cleaned up).

A dismissal for failure to state a claim is governed by the same standard as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002). Under this standard, the Court "construes the

complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).

In reviewing the pleadings, the Court is mindful of the fact that the plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005).

## III. DISCUSSION

Calderon brings his claims under 42 U.S.C. § 1983, which provides a vehicle for a claim against a person "acting under color of state law," such as a prison official, for a constitutional violation. *See Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016). He alleges that Judge Brown and Lumpkin are violating his civil rights by their actions or inactions during the habeas litigation.

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a § 1983 claim for damages that bears a relationship to a conviction or sentence is not cognizable unless the conviction or sentence has been invalidated. To prevail based on allegations of "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a civil-rights plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Id.* at 486-87. If a judgment in favor of a civil-rights plaintiff "would necessarily imply the invalidity of his conviction or sentence," then the complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487; *see Hainze v. Richards,* 207 F.3d 795, 798 (5th Cir. 2000). The Supreme Court has unequivocally stated that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis removed).

In this case, Calderon's claims are inextricably linked to the legality of his present sentence and confinement in TDCJ. Calderon requests that this Court grant injunctive relief ordering the defendants to "settle" his habeas claims and to permit his habeas claims to pass through the "gateway" of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013) (actual innocence, if proved, provides a gateway for a petition to present claims

that otherwise would be barred).  Thus, a finding in Calderon's favor in this case would necessarily imply that his actual-innocence claim is meritorious.  Under *Heck*, he is entitled to proceed with his § 1983 claim only if the judgment against him previously has been reversed or otherwise declared invalid.

Public court records do not reflect, and Calderon does not claim, that his conviction has been invalidated or otherwise set aside.  Absent this showing, the rule in *Heck* precludes his claim for relief.  *See Wilkinson*, 544 U.S. at 81-82; *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998) (en banc).

Calderon's civil-rights claims are not cognizable under 42 U.S.C. § 1983 at this time and his claim for injunctive and declaratory relief must be dismissed without prejudice.  *Id.* at 191; *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).   Any claims for damages must be dismissed with prejudice to being asserted again until the *Heck* conditions are met.  *See id.* (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

Additionally, the Court notes that a judge is entitled to absolute immunity from a claim for damages when the claim arises out of acts performed in the exercise of judicial functions.  *Davis v. Tarrant County, Texas*, 565 F.3d 214, 221 (5th Cir. 2009).

If Calderon seeks to challenge Judge Brown's rulings or Lumpkin's arguments in Civil Action No. 3:24-0324, his proper recourse is to seek relief in that case or, if final judgment is entered against him, to file an appeal.

## IV.   CONCLUSION

For the reasons stated above, the Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. 2) is **GRANTED**. The plaintiff is not assessed an initial filing fee. The agency having custody of the plaintiff is directed to collect the $350 filing fee from his inmate trust-fund account, when funds are available, and forward it to the Court.

2. The complaint (Dkt. 1) filed by Calderon is **DISMISSED** under 28 U.S.C. §1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. His claims for injunctive relief are **dismissed without prejudice**. Any claims for monetary damages are **dismissed with prejudice** to his claims being asserted again until the *Heck* conditions are met.

3. All pending motions, if any, are **DENIED** as moot.

**The Clerk will provide a copy of this order to the parties and to (1) the TDCJ Office of General Counsel at the email address on file with the court; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, by email at ctfcourt.collections@tdcj.texas.gov; and (3) the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas, on   November 26  , 2024.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE